UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RACHID Y. AGUERBAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3861 |
| | § | |
| WOODLANDS RESORT AND | § | |
| CONFERENCE CENTER, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant's Motion for Summary Judgment (Dkt. #14). After careful consideration of the parties' arguments, the entire record, and the applicable law, the Court is of the opinion that the motion should be GRANTED, as explained below.

**Factual and Procedural Background**

This is an employment case, in which Plaintiff, Rachid Y. Aguerbal, brings claims against his former employer, Defendant, MND Hospitality, Inc.,[1] for (1) negligent employing, retaining, and supervising a manager, (2) intentional infliction of emotional distress, and (3) discrimination on the basis of national origin in violation of 42 U.S.C. § 1981. Defendant originally hired Plaintiff as a banquet captain on September 24, 1999. Upon being hired, Plaintiff went through an orientation program, as well as various safety and training courses. Plaintiff was also provided and acknowledged various policies and procedures of Defendant, including an Employee Orientation Form, a Golf Cart Safety Policy, an Employee Standards of Conduct Policy, and a Management/Supervisor Responsibility policy. Notably, the Management/Supervisor Responsibility

---

[1] MND is the entity that employs the staff at The Woodlands Resort and Conference Center.

policy requires that all accidents are to be reported to Human Resources immediately.

In February of 2001, Plaintiff was promoted to the position of assistant manager in The Woodlands dining room, a position he held until on or about July 7, 2003. At that time, Plaintiff was demoted allegedly based on his failure to report an accident that had occurred between himself and a jogger/roller-blader while he was operating a company golf cart. Plaintiff admits that the accident occurred, that he did not report it, and that he was aware of the policy that required such accidents to be reported immediately. Several months later, Plaintiff resigned from his position by faxing a letter of resignation to management. The letter reads as follows:

> Dear [Management],
>
> Today, I woke up and realized that this is the worst career experience I've ever had. Therefore, I'm officially notifying you of my resignation from The Woodlands Resort. My last day will be today.
>
> I have concluded that contributions here are unrewarded and my ideas ignored. I have much to offer and feel frustrated that I am consistently underused.
>
> It is important to me to work for a company that encourages creativity rather than for one that stifles it. Although the company compensation has been fair, you have been unable to provide the other types of rewards I deserve.
>
> Nevertheless, my time here has not been wasted. I have gained experience and have honed my skills. I have worked with a dedicated group that has earned my respect and admiration. I sincerely wish my co-workers well in their future endeavors.
>
> As much as I would like to re-assess my current situation here at The Woodlands Resort, I have already accepted another position with another company so my decision is final.
>
> Sincerely,
> Rachid Aguerbal

Dkt. #14, Ex. A.

**Discussion**

As discussed above, Plaintiff has asserted claims against Defendant for (1) negligent employing, retaining, and supervising a manager, (2) intentional infliction of emotional distress, and (3) discrimination on the basis of national origin in violation of 42 U.S.C. § 1981. In its motion, Defendant seeks summary judgment on all claims asserted by Plaintiff. The Court will address each claim below.

**I.     Negligence**

Defendant argues that Plaintiff's claims for negligent employing, retaining, and supervising a manager fail as a matter of law because the Texas Workers' Compensation Act serves as the exclusive remedy for all work-related injuries. The Court agrees. As has been recognized by the Texas Supreme Court and the Fifth Circuit, there are no exceptions to the rule that the Texas Workers' Compensation Act alone provides the exclusive remedy for injuries sustained on the job and for all negligence claims brought by employees against their employers. *See Ward v. Bechtel*, 102 F.3d 199, 203 (5th Cir. 1997); *Walls Reg'l Hosp. v. Bomar*, 9 S.W.3d 805, 806 (Tex. 1999). Defendant has submitted uncontested evidence indicating that it was covered by worker's compensation insurance.[2] Thus, summary judgment on this issue is appropriate.

**II.    Intentional Infliction of Emotional Distress**

Plaintiff claims that Defendant "intentionally or recklessly commenced and carried out a course of conduct . . . which was intended to and did inflict emotional distress upon plaintiff."[3] Defendant seeks summary judgment on this intentional infliction of emotional distress ("IIED")

---

[2] *Id*. at Ex. B

[3] Dkt. #1, Plt's Original Petition, ¶ 6.

claim on two grounds. First, Defendant asserts that Plaintiff's claim in preempted by the Texas Commission on Human Rights Act because the gravamen of the claim at issue is nothing more than an allegation of the conduct underlying the employment discrimination claim. Second, Defendant argues that Plaintiff cannot establish the necessary elements to maintain an IIED claim because he cannot show "extreme and outrageous" conduct on the part of Defendant or that he suffered "severe emotional distress." The Court agrees with Defendant on each contention.

In *Hoffmann-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438 (Tex. 2004), the Texas Supreme Court explained that "[i]f the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, a statutory claim." *Id*. at 448. Here, there is certainly a statutory remedy that covers the type of wrong of which Plaintiff appears to claim. *See* TEX. LAB. CODE ANN. §§ 21.001 *et seq*. (1996) (prohibiting discrimination by employer on basis of national origin). Although it is ultimately difficult for the Court to identify any evidence to support Plaintiff's discrimination claim, it is evident that, at a minimum, Plaintiff has not identified any other conduct or actions on the part of Defendant to form the basis for an independent claim of IIED. *See Swafford v. Bank of America Corp.*, 2005 WL 3078631, at *2 (S.D. Tex. Nov 16, 2005) (denying IIED claim where plaintiff failed to show conduct to support independent claim apart from statutory remedy).

Even if Plaintiff was not precluded from bringing his IIED on the basis discussed above, the Court concludes that Plaintiff has not produced any evidence of "extreme and outrageous" conduct on the part of Defendant or that he suffered "severe emotional distress." Indeed, apart from conclusory allegations of discrimination, Plaintiff has not been able to identify specific conduct of

Defendant that would satisfy the conduct necessary to sustain such an action. *See Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (explaining that "extreme and outrageous conduct" is that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"). Likewise, there is nothing to suggest that Plaintiff suffered "severe emotional distress" as result of any of the alleged conduct. As such, Plaintiff's claim fails as a matter of law.

## III.   Discrimination

To establish a prima facie case of discrimination under § 1981, Plaintiff must establish that he: (1) is a member of a protected group; (2) was qualified for the position held; (3) was discharged from the position; and (4) was replaced by persons outside of the protected group. *See Wheeler v. BL Development Corp.*, 415 F.3d 399, 405 (5th Cir. 2005). Defendant contends that summary judgment as to Plaintiff's discrimination claim is appropriate because Plaintiff voluntarily resigned from his position,[4] and thus, cannot demonstrate that he was discharged by Defendant. Indeed, Defendant has offered Plaintiff's letter of resignation as evidence that Plaintiff left his position voluntarily.[5] Although the law certainly recognizes a "constructive discharge" when an "employer makes conditions so intolerable that a reasonable person in the employee's position would have felt

---

[4]Defendant also argues that Plaintiff's claim fails as a matter of law because he does not assert discrimination on the basis of race, which is required under 42 U.S.C. § 1981. Although Plaintiff repeatedly phrases the alleged discrimination in terms of national origin, Plaintiff also summarily asserts that Defendant "deprived [him] of the same terms and conditions of employment . . . enjoyed by white citizens." Construing such language broadly, the Court will assume for the purposes of this motion only that Plaintiff has alleged some type of racial discrimination.

[5]Inexplicably, Plaintiff has not addressed his letter of resignation in his response. In fact, the Court notes that Plaintiff has not directly addressed any of the arguments offered by Defendant.

compelled to resign," there is no evidence to support such a conclusion under the facts and evidence presented in this case. *Jett v. Dallas I.S.D.*, 798 F.2d 748, 755 (5th Cir. 1986). Without any further explanation by Plaintiff, the only reasonable conclusion is that Plaintiff left his employment for the reasons stated in the letter—none of which indicate that Plaintiff felt discriminated against on the basis of race. In fact, apart from conclusory allegations and general statements, Plaintiff has offered no evidence of any kind from which a reasonable fact finder might find any discriminatory conduct of the part of Defendant. Accordingly, Plaintiff's claim under 42 U.S.C. § 1981 fails as a matter of law.

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is hereby GRANTED.

It is so ORDERED.

Signed this 17th day of January, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE